# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

### CIVIL ACTION NO.  1:18-CV-58-GNS

**MIKE BREEN**                                                                          **PLAINTIFF**


**VS.**                                  **COMPLAINT**

**CALLAGY LAW, P.C.**
**SERVE:**        **SEAN R. CALLAGY, ESQ., PROCESS AGENT**
                  **650 FROM ROAD, SUITE 565**
                  **PARAMUS, NJ 07652**

**AND**

**MICHAEL J. SMIKUN, ESQ.**
**SERVE AT:**    **650 FROM ROAD, SUITE 565**
                  **PARAMUS, NJ 07652**

*************

Comes the Plaintiff, by counsel, and for this cause of action herein stat and allege as follows:

## I.    NATURE OF THE ACTION.

1.      Plaintiff's claims arise from Defendants' unlawful conduct when attempting to collect a consumer debt.

## II.    PARTIES.

2.      Plaintiff is a natural person.

3.      Plaintiff is a citizen of the Commonwealth of Kentucky.

4.      Callagy Law, P.C. is a for-profit professional corporation formed under the laws of the State of New Jersey.

5.     On information and belief, CALLAGY's principal business location is 650 From Road, Suite 565, Paramus, NJ 07652.

6.     On information and belief, Michael J. Smikun is a citizen of the State of New Jersey, is licensed by the Supreme Court of the State of New Jersey as an attorney at law and engages in the practice of law through CALLAGY.

7.     SMIKUN, through CALLAGY, is admitted to and has appeared in an action pending in this Court (*Boling v. Propsect Funding Holdings LLC*, Case No. 1:14-cv-00081-GNS-HBB) in connection with Smikun's and Callagy's attempt to collect the Debt described in this Complaint.

### III.    JURISDICTION AND VENUE.

8.     With respect to Breen's claims arising under federal law, this Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Breen's claims occurred in this judicial district.

### IV.    CLAIM FOR DEFENDANTS' VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT.

10.     "The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent and does not have to have suffered actual damages. [* * *] Strict liability places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief. By allowing a prevailing plaintiff to recover attorneys' fees, Congress further placed the cost of enforcing the FDCPA squarely on the group that could most easily ensure that the Act is not violated—the debt collectors themselves. The FDCPA protects both consumers and honest and ethical debt collectors who might otherwise be impelled to adopt their competitors' more

profitable bad practices to avoid being completely disadvantaged." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 449 (6th Cir. 2014) (internal citations and quotation marks omitted).

11.     The Sixth Circuit Court of Appeals has observed:

> Congress passed the FDCPA to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors. The Act prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice, which enables the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (internal citations and quotation marks omitted).

> As this court has noted, the FDCPA is extraordinarily broad, crafted in response to what Congress perceived to be a widespread problem.

*Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (internal quotation marks omitted).

12.     CALLAGY is regularly engaged in the collection of alleged obligations of natural persons to pay money arising out of one or more transactions in which the subject of the transaction was primarily for personal, family, or household purposes.

13.     In attempting to collect such obligations, CALLAGY uses the mails, telephone, the internet and other instruments of interstate commerce.

14.     SMIKUN is regularly engaged in the collection of alleged obligations of natural persons to pay money arising out of one or more transactions in which the subject of the transaction was primarily for personal, family, or household purposes.

15.     In attempting to collect such obligations, SMIKUN uses the mails, telephone, the internet and other instruments of interstate commerce.

16.     The regularity of CALLAGY's and SMIKUN's collection of such debts includes

but is not limited to suing natural persons for payment alleged to be due from the obligor's recovery on a claim for personal injuries, and attempting to collect debts alleged to be owed health care providers arising from unpaid charges for health care services provided to natural persons.

17.    Callagy is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

18.    Smikun is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19.    Plaintiff is an attorney at law admitted to practice in this Court.

20.    On May 20, 2009, Plaintiff filed a Complaint in this Court on behalf of Christopher Boling and Holly Coleman Boling seeking, among other things, damages arising from severe burns allegedly suffered by Christopher Boling on May 23, 2008 when a gas storage container exploded. *See*, Docket Document No. 1 filed in *Boling v. BlitzUSA, Inc.*, Case 1:09-cv-00067 (W.D.Ky.)

21.    Defendants have alleged the Bolings signed documents ("2009 Contract") on October 23, 2009 which appears to be a written agreement between the Bolings and Cambridge Management Group, LLC ("Cambridge").

22.    Plaintiff understands the 2009 Contract appears to state that Cambridge agreed to give $10,000 to the Bolings because, "[d]ue to [the Bolings'] injuries, [they do] not have sufficient funds to pay for the necessities of life or medical care and [they] require[] an advance of funds."

23.    Plaintiff understands the 2009 Contract also appears to state that Cambridge "wishes to make an investment and purchase the Proceeds in the [Boling's] Action."

24.    On October 26, 2009, Plaintiff signed a document acknowledging his awareness of the 2009 Contract.

25.    Defendants have alleged the Bolings' signed documents ("2010 Contract") on March 23, 2009 which appears to be a written agreement between the Bolings and Cambridge.

26.    Plaintiff understands the 2010 Contract appears to state that Cambridge agreed to give $5,000 to the Bolings because, "[d]ue to [the Bolings'] injuries, [they do] not have sufficient funds to pay for the necessities of life or medical care and [they] require[] an advance of funds."

27.    Plaintiff understands the 2010 Contract also appears to state that Cambridge "wishes to make an investment and purchase the Proceeds in the [Boling's] Action."

28.    On March 24, 2009, Plaintiff signed a document acknowledging his awareness of the 2010 Contract.

29.    Defendants have alleged that, on or about August 23, 2013, Cambridge sold and/or assigned its rights under the 2009 Contract and the 2010 Contract to Prospect Funding Holdings, LLC.

30.    Defendants have alleged the Bolings breached their payment obligations arising under the 2009 and 2010 Contracts (as well as under similar contracts made directly between the Bolings and Prospect in 2012 and 2013).

31.    Based on the terms of the 2009 and 2010 Contracts, as of April 23, 2018, it is claimed there is $2,240,692.56 due to Prospect Funding Holdings, LLC as assignee of Cambridge Management Group, LLC.

32.    Defendants have alleged Breen is liable to Prospect for monies claimed to be due ("Debt") Prospect under the 2009 and 2010 Contracts.

33.    The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

34.    Breen is a natural person allegedly obligated to pay a defaulted obligation to pay money arising out of transactions which were primarily for personal, family, or household

purposes.

35.     Breen is a "person" within the meaning of 15 U.S.C. § 1602(e).

36.     Breen is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

37.     Defendants represent Prospect in *Christopher Boling v. Prospect Funding Holdings, LLC*, Case 1:14-cv-00081-GNS-HBB (W.D.Ky.) ("Boling Action")

38.     On September 25, 2015 and, upon reconsideration, on April 21, 2016, the Court in the Boling Action concluded (A) Kentucky law applied to the 2009 and 2010 Contracts, and (B) Kentucky was the appropriate forum to resolve disputes arising out of the 2009 and 2010 Contracts (as well as those arising out of the similar contract made directly between the Bolings and Prospect in 2012 and 2013).

39.     On March 30, 2017, the Court in the Boling Action filed a Memorandum Opinion & Order ("Boling Order") granting Mr. Boling's Renewed Motion for Partial Summary Judgment and denying Prospect's Cross-Motion for Summary Judgment and Prospect's Motion to Strike Boling's Renewed Motion for Summary Judgment.

40.     Approximately six weeks *after* the Boling Order, Defendants commenced an action ("Collection Action") in the United States District Court for the District of New Jersey entitled *Prospect Funding Holdings, LLC, on assignment of Cambridge Management Group, LLC vs. Michael Breen, Esq. and Mike Breen Attorney at Law, P.S.C.*, and designated in that court as Case 2:17-cv-03328-KM-KMH, by filing a Complaint ("Collection Complaint") on May 10, 2017.

41.     Except to the extent the 2009 and 2010 Contracts (which contained a New Jersey choice-of-law clause and a clause selecting New Jersey as the venue for any arbitration) might constitute a connection with New Jersey (and Breen denies that either Contract constituted such a

connection), neither Breen nor Prospect has any connection with New Jersey.

42.    Defendants knew Breen had no connection with New Jersey.

43.    The Collection Action was the second lawsuit Defendants brought against Breen in New Jersey. Previously, on September 1, 2015, Defendants commenced an action for an accounting against Breen in the Superior Court of New Jersey designated in that court by Docket No. BER-C-000250-15 which was removed to the United States District Court for the District of New Jersey and designated in that court by Case 2:15-cv-07945-SDW-LDW. That prior action was dismissed by consent on July 8, 2016 while there was pending (*i*) Breen's Motion to Dismiss for Lack of Personal Jurisdiction and (*ii*) a magistrate judge's report and recommendation was under the district judge's review which recommended the case be remanded to the state court for lack of jurisdiction under 28 U.S.C. § 1332 after Defendants represented Defendants would not seek any order directing distribution based on the requested accounting.

44.    On August 25, 2017, Breen, through counsel, moved to dismiss the Collection Action for lack of personal jurisdiction.

45.    On September 18, 2017, Defendants filed opposition to Breen's motion to dismiss. The opposition included false and misleading statements regarding the Debt and Breen's obligations.

46.    When reviewing the motion to dismiss which had disclosed, among other things, the Boling Action, the court in the Collection Action chose to address the merits—specifically, the collateral estoppel effect of the decisions in the Boling Action on the Debt.

47.    Defendants continued to pursue the Collection Action by arguing the Boling Action was not binding on the merits of Propsect's claims.

48.    On February 2, 2018, the court in the Collection Action ordered Prospect's

"claims are barred by issue preclusion. This case is thus dismissed."

49.     On February 22, 2018, Defendants filed a Notice of Appeal in the Collection Action.

50.     Under the circumstances, the natural consequence of Defendants' commencement of the Collection Action was to harass, oppress, or abuse Breen in connection with the collection of the Debt.

51.     The Collection Complaint failed to disclose the Defendants, while representing Prospect, had previously litigated in the Boling Action and lost as to: (A) Kentucky was the appropriate forum to resolve disputes arising from the 2009 and 2010 Contracts; (B) Kentucky law applied notwithstanding the inclusion of a contractual selection of New Jersey law; (C) the 2009 and 2010 Contracts were unenforceable under Kentucky law; and (D) the 2009 and 2010 Contracts were in violation of Kentucky's usury laws.

52.     The Collection Complaint falsely represented there was a lien against the proceeds from Boling's personal injury claims, and Breen owed certain duties to Cambridge (and, thus, to Prospect as Cambridge's assignee) including an obligation to pay money.

53.     The Collection Complaint also falsely represented the scope of the forum selection clause in the 2009 and 2010 Contracts (which, as adjudicated in the Boling Action, only applied to an optional arbitration and not to the resolution of any dispute) as compelling litigation in New Jersey.

54.     The assertions made in the Collection Complaint and in Defendants' opposition to Breen's motion to dismiss, and Defendants' withholding of information about the proceedings in the Boling Action, were false and misleading and included Defendants' mischaracterization of the legal status of the Debt.

55.     Defendants' commencement and continued prosecution of the Collection Action when the claims asserted were precluded due to the adjudications in the Boling Action constituted Defendants' attempt to take action that could not legally be taken.

56.     None of Defendants' communications to Breen disclosed Defendants were debt collectors, or Defendants were attempting to collect a debt and that any information obtained would be used for that purpose.

57.     None of Defendants' communications to Breen disclosed Defendants were attempting to collect a debt and that any information obtained would be used for that purpose.

58.     Defendants' conduct as alleged in this Complaint evidences the use of unfair or unconscionable means in their attempt to collect the Debt.

59.     At no time did any Defendant provide Breen with written notice containing either: (A) the amount of the Debt; (B) a statement that unless Breen, within 30 days after receipt of the notice, disputed the validity of the Debt, or any portion thereof, the Debt would be assumed to be valid by the Defendants; (C) a statement that if Breen notified Defendants in writing with 30 days after receiving the notice that the Debt, or any portion thereof, is disputed, Defendants would obtain verification of the Debt or a copy of a judgment against Breen and a copy of such verification or judgment would be mailed to Breen by Defendants; or (D) a statement that, upon Breen's written request with 30 days after receipt of the notice, Defendants would provide the consumer with the name and address of the original creditor, if different from the current creditor.

60.     Defendants commenced the Collection Action on May 10, 2017 against Plaintiff in a judicial district which was neither the judicial district in which Breen resided as of May 10, 2017 nor where Breen is alleged to have signed the contract sued upon.

61.    Defendants' conduct in their attempt to collect the Debt from Breen did not comply with and was in violation of the Fair Debt Collection Practices Act including but not limited to:

61.01.    Engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

61.02.    Using a false, deceptive, or misleading misrepresent or means in connection with the collection of a debt (including, but not limited to, misrepresenting the character or legal status of a debt, attempting to take action which could not legally be taken, and failing to disclose Defendants were debt collectors or that they were attempting to collect a debt and that any information obtained would be used for that purpose) in violation of 15 U.S.C. § 1692e (including, but not limited to, §§ 1692e(2)(A), 1692e(5), 1692e(10), and 1692e(11));

61.03.    Using unfair or unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f;

61.04.    Failing to provide Breen with a written notice containing the amount of the Debt in violation of 15 U.S.C. § 1692g(a)(1);

61.05.    Failing to provide Breen with a written notice containing the statement required under 15 U.S.C. § 1692g(a)(3);

61.06.    Failing to provide Breen with a written notice containing the statement required under 15 U.S.C. § 1692g(a)(4);

61.07.    Failing to provide Breen with a written notice containing the statement

required under 15 U.S.C. § 1692g(a)(5); and

61.08.    Bringing a legal action on a debt against a consumer in a judicial district other than one which is permitted under 15 U.S.C. § 1692i.

62.    Based on a single violation of the FDCPA, Defendant is liable to Breen pursuant to 14 U.S.C. § 1692k for damages (including any proven actual damages and additional damages), reasonable attorneys' fees (including litigation expenses), and costs.

63.    Defendants' conduct in their attempt to collect the Debt invaded Breen's rights protected under the FDCPA, the invasion of which caused injury-in-fact.

64.    As a direct, legal, and proximate cause of Defendants' conduct, Plaintiff has suffered damages including, but not limited to, economic harm to Plaintiff in Kentucky from defending the Collection Action as well as being stressed and aggravated by being forced to defend the Collection Action.

## V.    PRAYER FOR RELIEF.

WHEREFORE, Plaintiff prays as follows:

1.    Trial by jury on all issues so triable;

2.    Judgment against Defendants herein, jointly and severally, for such actual damages as may be proven pursuant to 15 U.S.C. § 1692k(a)(1);

3.    Judgment against Defendants herein, jointly and severally, for statutory damages as allowed by the Court pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.   Judgment against Defendants herein, jointly and severally, that this action is a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

5.   Awarding costs of suit as allowed by law; and

6.   For such other and further relief as may be just and proper.

This May 9, 2018.

/s/ Mike Breen
Mike Breen
MIKE BREEN ATTORNEY AT LAW P.S.C.
870 Fairview Avenue, Suite 5
P.O. Box 3310
Bowling Green, KY 42102-3310
Telephone: (270) 782-3030
Facsimile: (270) 782-3855
mike@mikebreen.com